CERTIFIED A TRUE COPY
Jessica J. Lyublanovits, Clerk of Court
By: *Donna Bayyli*
Deputy Clerk

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: DEPO-PROVERA
(DEPOT MEDROXYPROGESTERONE ACETATE)
PRODUCTS LIABILITY LITIGATION                MDL No. 3140

## TRANSFER ORDER

**Before the Panel:**[*] Two groups of plaintiffs[1] have filed motions under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California or the Central District of California. This litigation consists of 27 actions pending in eight districts, as listed on Schedule A.[2] In addition, the parties have informed the Panel of 41 related actions pending in fifteen districts.[3]

All responding plaintiffs support centralization. Most of these plaintiffs either support or do not oppose centralization in the Northern District of California. Plaintiffs in four of these actions (all pending in the Southern District of Indiana) condition their non-opposition to a Northern District of California transferee forum on discovery and depositions of plaintiffs taking place in their home jurisdictions.[4] Other potential transferee districts proposed by plaintiffs

---

[*] Judge Matthew F. Kennelly did not participate in the decision of this matter.

[1] The initial movants include plaintiffs in the following nine actions: the Northern District of California *Schmidt*, *Lawson*, *Nguyen*, and *Goodlett* actions; the Central District of California *Jones*, *Devorak*, *Williams*, and *Morrow* actions; and Southern District of California *Edgerton*. The second group of movants include plaintiffs in the following three actions: Central District of California *Fazio* and *White*, and Northern District of California *Valera-Arceo*.

[2] There were initially 28 actions listed on these motions. An action in the Northern District of California, however, was voluntarily dismissed on February 4, 2025.

[3] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[4] Any request regarding the location of depositions or other discovery should be directed to the transferee court, which is well-positioned to determine the most appropriate and efficient course for this litigation. We note, however, that "there usually is no need for parties or witnesses to travel to the transferee court for depositions or court hearings." *In re Aqueous Film-Forming*

FILED USDC FLND PN
FEB 7 '25 PM2:20

- 2 -

include the Northern District of Florida, the District of Massachusetts, the District of New Jersey, and the Western District of Pennsylvania.

Defendants generally support centralization in the Southern District of New York, but their positions are somewhat nuanced. Pfizer Inc., Pharmacia & Upjohn Co. LLC, and Pharmacia LLC support centralization in the Southern District of New York or, alternatively, before a judge in the eastern United States with experience deciding important threshold motions in a large mass tort MDL. Defendant Prasco, LLC d/b/a Prasco Laboratories does not object to centralization on the condition that the MDL is not centralized in either California or Massachusetts. Defendants Greenstone LLC and Viatris Inc. state in their papers that they oppose centralization, but their arguments are directed solely to the question of transferee district—more specifically, why California is not an appropriate transferee forum for this litigation. These defendants alternatively support centralization in the Southern District of New York.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Northern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs in each action allege that they used Depo-Provera (depot medroxyprogesterone acetate), which was approved by the U.S. Food and Drug Administration as an injectable contraceptive in 1992. Plaintiffs allege that recent scientific studies demonstrate that long-term use of Depo-Provera can result in an increased risk of developing one or more meningiomas (a type of brain tumor). Plaintiffs each allege that they developed an intracranial meningioma caused by use of Depo-Provera or a generic version thereof, and they assert substantially similar products liability and misrepresentation claims. All actions share common questions of fact regarding, *inter alia*, whether Depo-Provera causes meningioma, whether defendants knew of the alleged risk of meningioma, whether they failed to adequately warn of this risk, and whether defendants failed to promote safer alternatives, such as Depo-SubQ Provera 104, which plaintiffs contend is safer due to its lower dose of medroxyprogesterone acetate and its administration through subcutaneous injection (rather than the intramuscular injection used for Depo-Provera). Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

All parties agree that this MDL should be limited to plaintiffs who allege they suffered intracranial meningiomas caused by use of Depo-Provera or a generic version thereof. The parties also agree that, to the extent any actions are filed alleging such injury from use of Depo-SubQ Provera 104, such actions also are appropriate for inclusion in this MDL.[5] Defendant Prasco, LLC,

---

*Foams Prods. Liab. Litig.*, 669 F. Supp. 3d 1375, 1380 (J.P.M.L. 2023) (citing *In re MLR, LLC, Pat. Litig.*, 269 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003)).

[5] Plaintiff in at least one action (*Edgerton*) alleges that she took both Depo-Provera and Depo-SubQ Provera 104, though she attributes her injury only to the former medication. Plaintiffs generally allege that Depo-SubQ Provera 104 is a safer alternative to Depo-Provera, and it is unclear at this point whether there will be any actions alleging injury from Depo-SubQ Provera 104. Any such action, however, will share significant factual questions with the Depo-Provera actions.

- 3 -

additionally asks the Panel to direct that Prasco not be named as a defendant where the plaintiff's alleged product use ended before November 2020.[6] We deny this request, as it is a merits question more appropriately directed to the transferee court.

The Northern District of Florida is an appropriate transferee district for this litigation. Two related actions are pending in this district, which offers the necessary judicial resources and expertise to manage this nationwide litigation in an efficient and convenient manner. Judge M. Casey Rodgers, to whom we assign this MDL, is an able jurist with extensive and exceptional experience presiding over large products liability MDLs. We are confident that she will steer this litigation on a prudent and expeditious course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Florida and, with the consent of that court, assigned to the Honorable M. Casey Rodgers for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_Karen K. Caldwell_
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |
| Madeline Cox Arleo | |

---

[6] Prasco acquired the exclusive license to distribute the authorized generic version of Depo-Provera (*i.e.*, the "generic" version manufactured by the brand-name manufacturer, Pfizer) in November 2020, following an FTC-mandated divestiture of Pfizer's Greenstone subsidiary, which had distributed the authorized generic version up to that point. Prasco contends that many of the complaints in which it is named as a defendant involve Depo-Provera use that ended before November 2020.

IN RE: DEPO-PROVERA
(DEPOT MEDROXYPROGESTERONE ACETATE)
PRODUCTS LIABILITY LITIGATION                              MDL No. 3140

## SCHEDULE A

### Central District of California

JONES v. PFIZER INC., ET AL., C.A. No. 2:24−09195
MORROW v. PFIZER INC., ET AL., C.A. No. 2:24−10060
JOSEPH v. PFIZER INC., ET AL., C.A. No. 2:24−10173
FAZIO v. PFIZER INC., ET AL., C.A. No. 5:24−02285
DEVORAK v. PFIZER INC., ET AL., C.A. No. 5:24−02349
WHITE v. PFIZER INC., ET AL., C.A. No. 5:24−02379
WILSON v. PFIZER INC., ET AL., C.A. No. 5:24−02524
WILLIAMS, ET AL. v. PFIZER INC., ET AL., C.A. No. 8:24−02457

### Eastern District of California

VALENCIA v. PFIZER INC., ET AL., C.A. No. 1:24−01346
ROMINE v. PFIZER INC., ET AL., C.A. No. 1:24−01446
MEDINA v. PFIZER INC., ET AL., C.A. No. 1:24−01475
LIGHT v. PFIZER INC., ET AL., C.A. No. 2:24−03254

### Northern District of California

SCHMIDT v. PFIZER INC., ET AL., C.A. No. 3:24−06875
LAWSON v. PFIZER INC., ET AL., C.A. No. 3:24−07303
NGUYEN v. PFIZER INC., ET AL., C.A. No. 3:24−07699
VALERA-ARCEO, ET AL. v. PFIZER INC., ET AL., C.A. No. 3:24−08312
FRANZI v. PFIZER INC., ET AL., C.A. No. 3:24−08372
YOUNG v. PFIZER INC., ET AL., C.A. No. 3:24−08679
GRUBENSKY v. PFIZER INC., ET AL., C.A. No. 4:24−08746
GOODLETT, ET AL. v. PFIZER INC., ET AL., C.A. No. 4:24−08223

### Southern District of California

EDGERTON v. PFIZER INC., ET AL., C.A. No. 3:24−02167

- A2 -

### Southern District of Indiana

NOBLE, ET AL. v. PFIZER INC., ET AL., C.A. No. 1:24−01831
BEAVERS, ET AL. v. PFIZER INC., ET AL., C.A. No. 1:24−02105
SHIRLEY v. PFIZER INC., ET AL., C.A. No. 2:24−00565

### District of Massachusetts

WRIGHT, ET AL. v. PFIZER INC., ET AL., C.A. No. 3:24−30145

### Western District of Missouri

ROWLAND v. PFIZER INC., ET AL., C.A. No. 6:24−03316

### District of Nevada

STEPHENS-SMITH, ET AL. v. PFIZER INC., ET AL., C.A. No. 2:24−02123